**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| WILLIAM R. JACKSON, | * | |
| Petitioner, | * | |
| v. | * | CASE NO. 4:07-CV-45 (CDL) |
| | | 28 U.S.C. § 2241 |
| VICTOR WALKER, Warden, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely, filed on November 13, 2007. (R-38). Petitioner filed his Response to Respondent's Motion to Dismiss on November 27, 2007. (R-41).

The record reveals that on August 11, 1988, Petitioner was ordered to serve ten years for his guilty plea to five counts of robbery in DeKalb County, Georgia, with seven years to be served in prison to be followed by three years of probation. Then, in October of the same year, Petitioner was found guilty of armed robbery in the Superior Court of Gwinnett County, Georgia and sentenced to serve life in prison. Thereafter, on July 30, 1999, Petitioner was released on parole.

On May 24, 2001, Petitioner was arrested and charged in Muscogee County, Georgia, for simple battery, interfering with a 911 call and disorderly conduct. On October 13, 2001, Petitioner was again arrested and charged with simple battery and three counts of cruelty to children. On November 15, 2001, Petitioner plead guilty to two counts of second degree

cruelty to children, simple battery and interference with a 911 call. Petitioner was sentenced to served twelve months consecutively on each charge. Then, on January 28, 2002, Petitioner pled guilty to battery and three counts of second degree cruelty to children and was sentenced to serve time concurrently with his previous sentence. Thereafter, on March 13, 2002, Petitioner's parole was revoked. Petitioner's request for parole was denied in April 2003 and his next scheduled request for reconsideration is set for "on or before October 2009."

Petitioner has filed numerous state and federal lawsuits attempting to challenge the revocation of his parole. Of particular relevance are two cases. The first is a state habeas petition filed on January 26, 2004, in the Macon County Superior Court which was ultimately denied on March 20, 2007. The second is a prior federal habeas corpus petition filed on February 9, 2007, in the Middle District of Georgia, Macon Division, wherein the court dismissed Petitioner's application for habeas relief as he had not exhausted his available state remedies by awaiting the final decision in his pending state habeas petition, which as just stated was not denied until March 20, 2007 .[1] Petitioner sought a certificate of appealability in the Eleventh Circuit Court of Appeals which was granted. The Eleventh Circuit, however, ultimately affirmed the district court's dismissal of his 2241 petition.

The current petition was originally filed in the Northern District of Georgia and transferred to the Middle District. At the same time, Petitioner also filed a second federal

---

[1] Case No. 5:06-CV-50

habeas petition filed on April 9, 2007, in the Northern District of Georgia wherein he challenged his May 2003 denial of parole. On November 6, 2007, the Northern District of Georgia dismissed Petitioner's pending application for habeas relief, finding that it was untimely as he waited more than one year from the denial of his parole to file his petition. Petitioner's Motion for Reconsideration was denied on November 21, 2007.

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

In this case, pursuant to § 2244(d)(1)(D), Petitioner was required to file his federal habeas petition within one year of the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," i.e., when the relevant parole revocation decision was known or could reasonably have been discovered by Petitioner. On March 13, 2002, Petitioner reasonably should have known that his parole had been revoked. Accordingly, the federal limitations period began to run on March 14, 2002, and, absent application of equitable tolling or statutory tolling under § 2244(d)(2), Petitioner was required to file his federal habeas corpus petition by March 13, 2003. As such, when Petitioner filed his state habeas petition on January 26, 2004, he was already outside of the AEDPA one-year limitations period. Accordingly, the instant petition, filed on March 6, 2007, is untimely and is subject to dismissal.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be GRANTED, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED

STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 23rd day of October, 2007.

                                S/ G. MALLON FAIRCLOTH
                                UNITED STATES MAGISTRATE JUDGE

eSw